**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kara Strutz, | ) | No. CV-06-2370-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Total Transit, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The court has before it defendants' motion to dismiss (doc. 7) and plaintiff's response (doc. 8). No reply was filed, and the time for filing has expired.

**I.**

Defendant Total Transit, Inc. ("Total Transit") operates Discount Cab Company ("Discount Cab"), a taxi service in the Phoenix area. Defendant L.J. Leasing, Inc. ("L.J. Leasing") supplies Total Transit with employees who provide dispatch services for Discount Cab taxi drivers. From June 2001 until approximately March 2006, plaintiff, an L.J. Leasing employee, worked as a Discount Cab taxi dispatcher. On October 5, 2006, plaintiff filed a complaint against defendants, alleging Title VII religious discrimination, Title VII retaliatory constructive discharge, and wrongful termination in violation of A.R.S. § 23-1501. Complaint at 7-9 (doc. 1). Defendants move to dismiss all counts of the complaint pursuant

1   to Rule 12(b)(6), Fed. R. Civ. P.  For the reasons stated below, we deny defendants' motion
2   to dismiss in its entirety.

3                                              **II.**

4           A complaint should only be dismissed if  "it appears beyond doubt that the plaintiff
5   can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>
6   <u>v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  Therefore, we must accept all of
7   plaintiff's material factual allegations as true, and draw all reasonable inferences in plaintiff's
8   favor.  <u>Anderson v. Clow (In re Stac Elecs. Sec. Litig.)</u>, 89 F.3d 1399, 1403 (9th Cir. 1996).

9           Additionally, a complaint need not prove all elements of a claim, but rather must
10  simply set forth "a short and plain statement of the claim showing that the pleader is entitled
11  to relief."  Fed. R. Civ. P. 8(a)(2).  Its averments should " ' sufficiently establish a basis for
12  judgment against the defendant, ' " and unlikelihood of success "does not, by itself, justify
13  dismissal under Rule 12(b)(6)."  <u>AlliedSignal, Inc. v. City of Phoenix</u>, 182 F.3d 692, 696,
14  696 n.3 (9th Cir. 1999) (citation omitted).  Rule 8, Fed. R. Civ. P.'s "simplified notice
15  pleading standard relies on liberal discovery rules and summary judgment motions to define
16  disputed facts and issues and to dispose of unmeritorious claims." <u>Swierkiewicz v. Sorema</u>
17  <u>N.A.</u>, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002).

18                                             A.

19          Defendants first argue that plaintiff's religious discrimination claim should be
20  dismissed because it does not satisfy the third element of a prima facie Title VII religious
21  discrimination claim.  Specifically, defendants contend that the complaint does not establish
22  that defendants discharged, threatened, or otherwise subjected plaintiff to an adverse
23  employment action because of her inability to fulfill a job requirement.  <u>See</u> <u>Motion to</u>
24  <u>Dismiss</u> at 6.

25          In the context of Title VII employment discrimination, "the prima facie case operates
26  as a flexible evidentiary standard," and "should not be transposed into a rigid pleading
27  standard."   <u>Swierkiewicz</u>, 534 U.S. at 512, 122 S. Ct. at 998.   "[A]n employment
28

discrimination plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss.  534 U.S. at 515, 122 S. Ct. at 999.

To *establish* a religious discrimination on the basis of a failure-to-accommodate theory, a plaintiff must set forth a prima facie case that "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement."   Peterson v. Hewlett-Packard Co., 358 F.3d 599, 606 (9th Cir. 2004). However, a plaintiff's evidentiary burden does not alter the applicable pleading standard. Therefore, a complaint alleging a religious discrimination failure-to-accommodate claim must give fair notice that such a claim is brought, and the grounds upon which that claim rests. See Conley, 355 U.S. at 47, 78 S. Ct. at 103.

Plaintiff's complaint alleges numerous facts which give defendants notice that a religious discrimination claim is brought, and of the grounds upon which that particular claim is based.  With regard to the third element of the prima facie case, the complaint alleges that "Ms. Strutz was denied raises and promotions, which other similarly situated employees received, based on her religion and religious beliefs," that she was "forced to work on her Sabbath" on four occasions, "and/or punished if she did not show up for work." Complaint at 8.  Plaintiff has satisfied the requirements of notice pleading for this claim.  Therefore, we deny defendants' motion to dismiss on this ground.

Defendants next argue that the religious discrimination claim fails because plaintiff's allegations "raise the inference that a reasonable accommodation was made." Motion to Dismiss at 8.  In so arguing, defendants contend that a plaintiff's complaint must both establish a prima facie case, and rebut issues upon which the defendant bears the burden of proof.  Notice pleading does not require that a complaint prove every element of a prima case.  Likewise, a complaint need not raise and rebut elements of a defendant's case.  The disputed facts and issues in this case will be defined after discovery.  Summary judgment

1   motions will weed out claims for which plaintiff cannot establish a prima facie case.  Here,

2   defendants contend that the proof they will offer renders plaintiff's religious claim unlikely

3   to succeed.  That, of course, is insufficient under Rule 12(b)(6).

4                                                  B.

5

6        Defendants argue for dismissal of plaintiff's Title VII retaliation claim for three

7   independent reasons.  First, they contend that plaintiff cannot establish that she was

8   constructively discharged.  See Motion to Dismiss at 8.  A plaintiff establishes a prima facie

9   case of Title VII retaliation by showing that he or she engaged in a protected activity,

10  suffered an adverse employment decision, and that "there was a causal link between the

11  protected activity and the adverse employment decision."  Villiarimo v. Aloha Island Air,

12  Inc., 281 F.3d 1054, 1064 (9th Cir. 2002).  An employee's resignation is a constructive

13  discharge actionable as an adverse employment decision "when, looking at the totality of

14  circumstances, 'a reasonable person in [the employee's] position would have felt that he was

15  forced to quit because of intolerable and discriminatory working conditions.' " Watson v.

16  Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987) (citation omitted).

17       "The determination whether conditions were so intolerable and discriminatory as to

18  justify a reasonable employee's decision to resign is normally a factual question left to the

19  trier of fact."  Id.  Nevertheless, the determination is commonly made at both the motion to

20  dismiss and summary judgment stages, where courts have found, for example, that a " 'single

21  isolated instance' of employment discrimination is insufficient as a matter of law to support

22  a finding of constructive discharge," but that a showing "of four incidents of differential

23  treatment over a period of two years" is sufficient "to create a genuine issue of fact for trial."

24  Id.

25       Plaintiff's complaint alleges that after she filed a complaint with the EEOC, defendants

26  "began a concerted effort to force Ms. Strutz out of her job."  Complaint at 8.  Additionally,

27  the complaint states that "Defendants' actions included, but were not limited to, papering Ms.

28  Strutz' employment file with false write-up and charges, taking repeated corrective action

against Ms. Strutz . . . making derogatory remarks about Ms. Strutz and her religious beliefs and appearance, and otherwise harassing and discriminating against Ms. Strutz." Id. Plaintiff's complaint need not establish that she was constructively discharged. The allegations in the complaint provide defendants with sufficient notice of the conditions that give rise to plaintiff's alleged constructive discharge. Therefore, we deny defendants' motion to dismiss plaintiff's Title VII retaliation claim on this ground.

Next, defendants argue that plaintiff has not alleged facts in support of her Title VII retaliation claim "that could possibly overcome an *Ellerth/Faragher* defense." Motion to Dismiss at 10. The Ellerth/Faragher affirmative defense was developed in the context of Title VII sexual harassment law, see Pa. State Police v. Suders, 542 U.S. 129, 146, 124 S. Ct. 2342, 2354 (2004), and it is unclear whether it applies to claims of retaliation based on Title VII religious discrimination. Nevertheless, the doctrine requires that plaintiffs claiming constructive discharge must have made reasonable attempts "to stave off avoidable harm." Id. However, the defendant bears the burden of proof on whether "the plaintiff unreasonably failed to avoid or reduce harm." We do not interpret Rule 8(a)(2), Fed. R. Civ. P., to require that a complaint rebut any available affirmative defense, and deny defendants' motion to dismiss on this ground.

Third, defendants argue that plaintiff has not plead a causal link between her EEOC complaint and her alleged constructive discharge. Motion to Dismiss at 10. Plaintiff alleges that defendants' constructive discharge was "[i]n direct retaliation" for plaintiff's EEOC complaint, and that "[p]rior to filing her complaint with the EEOC, Ms. Strutz had not been subjected to disciplinary action on the scale that occurred subsequent to filing the complaint." Complaint at 8, 9. These allegations give defendants sufficient notice of the causal link between the plaintiff's protected activity and the allegedly adverse employment decision. This ground for dismissal is denied.

C.

Plaintiff's complaint alleges violation of A.R.S. § 23-1501, by way of constructive discharge, as a result of plaintiff's refusal to violate A.R.S. § 28-907, "and/or [for] reporting her employer's violation of A.R.S. § 28-907." Complaint at 9. Pursuant to A.R.S. § 28-907(A), "a person shall not operate a motor vehicle on the highways in [Arizona] when transporting a child who is under five years of age unless that child is properly secured in a child passenger restraint system."

In support of this claim, the complaint first alleges that plaintiff told a customer, who called Discount Cab to request a taxi for herself and her infant daughter, that Discount Cab "did not have a child car seat available at this time, but that they were trying to locate one." Complaint at 4. Next, it states that plaintiff's supervisor overrode plaintiff's decision, and "sent a cab out to pick up" the customer "without the required child restraint system." Id. As a result, plaintiff "called the customer back and informed her that the company . . . was sending a cab . . . without the required child restraint system." Id. Plaintiff further alleges that her supervisor was at some point informed of plaintiff's decision to not dispatch a cab without a restraint system, id., and that plaintiff reported "her employer's violation of A.R.S. § 28-907," id. at 9.

Defendants argue for dismissal of plaintiff's retaliatory termination claim for five independent reasons. They first contend that plaintiff's A.R.S. § 23-1501 claim fails because a taxi dispatcher who dispatches a cab that might transport a child who is under five years of age without a child passenger restraint system does not violate an Arizona statute. As a result, plaintiff's refusal to dispatch was not a refusal to violate a statute in a way that gives rise to an A.R.S. § 23-1501 claim. Section 23-1501 protects employees from retaliatory discharge when the employee refuses "to commit an act or omission that would violate the Constitution of Arizona or the statutes of this state." A.R.S. § 23-1501(3)(c)(i).

If a Discount Cab driver operated a vehicle that lacked a child passenger restraint in violation of A.R.S. § 28-907(A), both the driver and his employer would be liable. Had

1    plaintiff dispatched the vehicle in question, her conduct would have aided another's A.R.S.

2    § 28-907(A) violation.   Additionally, it would have subjected plaintiff to liability for

3    violation of A.R.S. § 28-1524.  See § 28-1524 (prohibiting"the owner, or any other person,

4    employing or otherwise directing the driver of a vehicle to require or to knowingly permit

5    the operation of the vehicle on a highway in any manner contrary to law").  In refusing to

6    dispatch the vehicle, plaintiff refused to violate § 28-1524, and her refusal gives rise to a §

7    23-1501(3)(c)(i) claim.  We therefore deny defendants' motion to dismiss on this ground.

8        Second, defendants contend that plaintiff cannot state a claim for a violation of § 23-

9    1501 based on plaintiff's supervisor's decision to send a taxi to a customer whose child

10   required a passenger restraint system.  Section 23-1501(3)(c)(ii) protects employees against

11   retaliatory termination when an employee discloses in a reasonable manner to:

12                . . . either the employer or a representative of the employer who the employee
13                reasonably believes is in a managerial or supervisory position and has the
                  authority to investigate the information provided by the employee and to take
14                action to prevent further violations of the Constitution of Arizona or statutes
                  of this state or an employee of a public body or political subdivision of this
15                state or any agency of a public body or political subdivision

16   that "the employee has information or a reasonable belief that the employer, *or an employee*

17   *of the employer*, has violated, is violating or will violate the Constitution of Arizona or the

18   statutes of this state."  § 23-1501(3)(c)(i)(emphasis added).  In particular, they assert that

19   Discount Cab drivers are independent contractors, not defendants' employees.  Therefore, the

20   drivers' actions cannot subject defendants to A.R.S. § 28-907(A) liability.

21       We will not dismiss plaintiff's claim because defendants assert that the drivers are not

22   their employees.  Whether Discount Cab drivers are defendants' employees is a question of

23   law.  Plaintiff has alleged sufficient facts to give defendants notice of a § 23-1501(3)(c)(ii)

24   claim.  Discovery will provide the parties with an opportunity to gather evidence regarding

25   the nature of the Discount Cab drivers' relationship with defendants.

26

27       Third, defendants argue that plaintiff cannot state a claim for a violation of § 23-1501

28   based on plaintiff's supervisor's conduct because Section 23-1501(3)(c)(ii) requires that an

1    employee disclose her knowledge that a law will be violated in a reasonable manner, and to

2    a discrete group of people.  See Motion to Dismiss at 14.  In so arguing, defendants allege

3    that the disclosure plaintiff bases her claim on is the communication between plaintiff and

4    the customer to whom she refused to dispatch a cab.  Id.  Yet plaintiff's § 23-1501(3)(c)(ii)

5    disclosure claim is based on communications between plaintiff and one of defendants'

6    employees.  We infer from the complaint, which alleges that plaintiff reported the § 28-

7    907(A) violation, and that plaintiff's supervisor overrode her refusal to dispatch, that plaintiff

8    disclosed the violation in a reasonable manner to either her employer, or a representative of

9    her employer.  Under these facts, § 23-1501(3)(c)(ii) relief is available, and this ground for

10   dismissal is denied.  Defendants are free to resurrect this argument by way of a summary

11   judgment motion.

12       Fourth, defendants argue that plaintiff has not shown that her constructive discharge

13   was a retaliatory act prompted by plaintiff's disclosure of her employer's unlawful conduct.

14   Motion to Dismiss at 14.  They contend that her § 23-1501 claim fails because plaintiff has

15   also alleged that she was constructively discharged in retaliation for her December 30, 2005

16   EEOC complaint.  Id.  An employee's constructive discharge may be the result of multiple

17   acts of retaliation.  Those multiple acts may give rise to multiple claims for relief, under both

18   state and federal law.  So long as each claim alleges sufficient facts, as plaintiff's claims do,

19   it will survive 12(b)(6) dismissal.  Therefore we also deny this ground for dismissal.

20       Finally, defendants allege that plaintiff's constructive discharge claim fails because

21   she has not alleged facts that give rise to a claim under the two theories of constructive

22   discharge authorized by A.R.S. § 23-1502.[1]  Defendants contend that plaintiff cannot state a

23

24       [1]  Plaintiff may state a claim for constructive discharge in violation of A.R.S. § 23-
25   1502(A) by alleging either (1) "[e]vidence of objectively difficult or unpleasant working
     conditions to the extent that a reasonable employee would feel compelled to resign, if the
26   employer has been given at least fifteen days' notice by the employee that the employee
     intends to resign because of these conditions and the employer fails to respond to the
27   employee's concerns" or (2) "[e]vidence of outrageous conduct by the employer or a
28   managing agent of the employer, including sexual assault, threats of violence directed at the

- 8 -

claim for § 23-1502(A)(1) constructive discharge because she has not alleged compliance with § 23-1502(A)(1)'s written notice requirement. However, we will construe plaintiff's allegation that she reported her employer's potential unlawful conduct as an allegation that she provided the sort of notice required by § 23-1502(A)(1). Defendants may present evidence to defeat this construction of plaintiff's claim by way of a motion for summary judgment.

Next, defendants argue that plaintiff has not alleged "evidence of outrageous conduct by the employer or a managing agent of the employer" for purposes of asserting a § 23-1502(A)(2) claim. Specifically, they contend that plaintiff has merely alleged a pattern of discriminatory harassment. Yet a pattern of harassment may be actionable as outrageous conduct under § 23-1502(A)(2), and we reject this final ground for dismissal.

D.

Defendants attack the complaint as a whole on three additional grounds, which they label "procedural." Motion to Dismiss at 15. First, defendants argue that plaintiff improperly designates Total Transit as her employer, and that "plaintiff has not designated whose employees were allegedly discriminating against her, or allegedly engaging in a retaliatory campaign." Id. at 16. However, defendants do not cite any authority to explain why these alleged deficiencies warrant dismissal. As plaintiff notes, discovery will uncover "which Defendant technically employed which employee." Response at 6. Further, as discussed above, plaintiff has satisfied Rule 8(a)(2), Fed. R. Civ. P.'s pleading standards for both of her Title VII claims. Therefore, we deny defendants' motion on this ground.

Second, defendants contend that they cannot determine which charges plaintiff brings against each defendant, and that as a result, plaintiff must submit "a more definite statement regarding her satisfaction of Title VII's procedural prerequisites, pursuant to Rule 12(e)." Motion to Dismiss at 16. A party may move for a more definite statement when "a pleading

employee, a continuous pattern of discriminatory harassment by the employer or by a managing agent of the employer or other similar kinds of conduct, if the conduct would cause a reasonable employee to feel compelled to resign."

to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  A Rule 12(e) motion "shall point out the defects complained of and the details desired."  Id.  However, Rule 12(e) must be read in light of Rule 8(f), Fed. R. Civ. P's requirement that "[a]ll pleadings shall be so construed as to do substantial justice."

Defendants' request for a more definite statement regarding which charges are leveled at which defendant does not persuade us that we should dismiss plaintiff's complaint. Further, even if we construe defendants' passing reference to Rule 12(e) as a motion for a more definite statement, we would deny it on two alternative grounds.  First, plaintiff's complaint is neither vague nor ambiguous.  It presents "a short and plain statement of [each] claim," and demonstrates that plaintiff is entitled to relief, in accordance with Rule 8(a)(2), Fed. R. Civ. P.  Second, defendants cannot claim that framing a responsive pleading to the complaint is impossible.  Their motion to dismiss presents fifteen pages of legal analysis in which they respond to plaintiff's complaint.  Then, in one lone paragraph on the sixteenth page of the motion, they contend that the complaint is so vague and ambiguous that they cannot reasonably be required to respond to it.  Defendants will have no trouble framing a responsive pleading to the complaint.  We therefore deny their Rule 12(e) motion.

Finally, defendants allege that plaintiff did not timely file her "claim."  Motion to Dismiss at 16.  Defendants admit that two right to sue letters attached to the complaint, which pertain to two separate Title VII claims, are dated less than 90 days before the date the complaint was filed.  Id.  Yet they allege that plaintiff was also issued a May 3, 2006 right to sue letter.  If the claims in the complaint pertain to that right to sue letter, they argue, plaintiff's complaint is untimely.  We will not dismiss plaintiff's complaint on the basis of this unsupported factual contention.  Defendant may again raise this issue by way of a motion for summary judgment after discovery has commenced.

1

       Therefore, **IT IS ORDERED DENYING** defendants' motion to dismiss (doc. 7).

2

       DATED this 8th day of March, 2007.

3

4

5

               *Frederick J. Martone*

6

                    Frederick J. Martone
                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28